In the Matter of JOHN DESIMONE, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— ▮ Memorandum: The respondent Authority has revoked petitioner's license and has ordered that no new license may be issued for a period of 12 months. This revocation is based upon two findings. The first involves alleged sale of alcoholic beverages to a minor in violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law. We find no substantial evidence to support such finding and the finding is accordingly reversed and annulled. The second finding is to the effect that petitioner permitted the premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that males were permitted to dance with males and to kiss each other on various occasions "for at least the past year and more, particularly in the month of * * * April 1958". This finding is supported by substantial and sufficient evidence. One Eisensmith testified that he had been in the premises in February of 1958 and during various week ends for at least a year prior thereto and that in January and February, 1958 and "each time I go to the place" he observed men dancing with other men and kissing each other on the lips. He had been there six or seven times during February and this happened each time he was there. He admitted that he was not there in March or April of 1958. A problem arises from the language of the Authority's finding that these things happened "for at least the past year and more, particularly in the month of * * * April, 1958." The finding probably should have referred specifically to the months of January and February, 1958 and prior thereto. The words "for at least the past year and more" are somewhat confusing because the date of the order containing this finding was June 21, 1960 and if literally construed would go back only as far as June 21, 1959. There is no finding as to events occurring during 1959. The original charge relating to disorderly premises was dated June 18, 1958 and includes events which occurred during the months of March and April, 1958 and "at various times for at least the past year". That charge was served upon petitioner in June of 1958 so that reference to the "past year" would go back to June of 1957. Of course, it would include activities in January and February of 1958. With this history it becomes apparent that the finding that the premises were disorderly, embraces and includes activities to which Eisensmith testified occurred in January and February of 1958. This second finding and the revocation order should be confirmed. Although we have annulled one of the findings concerning sale to a minor we feel upon the finding that remains and the evidence to support it the punishment is not excessive. (Review of the action of the State Liquor Authority revoking petitioner's liquor license, transferred to the Appellate Division for determination by order of Erie Special Term together with amended answer transferred by order of Erie Special Term.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

In the Matter of WALTER S. FORSYTH, Respondent, v. LINDEN TRANS MIX CORPORATION, Appellant.—

Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.